McAndrews *v.* Santee.

———•••———

## McAndrews *vs.* Santee.

A mere general exception to a judge's charge, where there is more than one point in such charge, and any portion of it is unexceptionable, is of no avail, if there is nothing to show to which part or proposition in the charge it is intended to apply.

Where wood is sold subject to inspection and measurement by a railroad inspector of wood, the purchaser is entitled to have the same actually measured by such inspector, or to have something done which will be equivalent to a measurement. He is not bound by the mere guess, or loose estimate by the eye, of such inspector, as to the quantity.

On the trial in the county court, of an action on a contract for the sale and purchase of wood, evidence was given to show that both the defendant and his witness stated the contract differently, then, from what they had previously stated it on the trial of the cause before the justice; the difference in the two statements being quite material upon the merits of the controversy, to wit, the quantity of wood to be paid for by the defendant. *Held* that the evidence was properly admitted, it being, as to the defendant himself, in the nature of admissions or declarations by a party, and principal evidence against him, upon the issue; and also competent as impeaching evidence against him or his witness.

APPEAL from an order of the county court of Steuben county, denying a motion for a new trial.

The action was brought to recover the purchase price of a quantity of wood, sold and delivered to the defendant. On the trial in the county court, the defendant and another person (his son) were examined as witnesses for the

Vol. LVII. 13

defense, and testified that by the terms of the agreement, the wood was sold subject to inspection and measurement by the wood agent of the Erie Railway Company. On cross-examination, each witness stated that he was a witness for the defendant on a previous trial of the action before a justice of the peace, and had then stated that the wood was sold subject to the inspection and measurement of such wood agent.

The defendant having rested, the plaintiff's counsel offered to prove that each of said witnesses, on the former trial, in giving his version of the terms of the agreement, omitted to state that the wood was sold subject to such inspection and measurement. An objection to this evidence as improper and immaterial was overruled, and the evidence received. George W. Smith, the railway wood agent, being examined as a witness for the defendant, testified that he measured the wood; that it was piled in ranks; that he measured the length of the ranks with a tape line, and the height and width with his eye; that that was his usual custom; and that he had thus measured many thousands of cords.

The judge, among other things, charged the jury that "they were to determine, from their experience, observation and knowledge, whether Smith, after measuring the length of the ranks with a line, and the height and width with his eye, with all his experience and practice in measuring wood, did in fact, or could, correctly measure the wood in that way; that the plaintiff was entitled to an actual measurement, or its equivalent, and would not be bound by any estimate of the railroad inspector, unless the jury were of opinion that his eye was, upon a question of measurement, as reliable as a measuring rod." The defendant excepted to the charge, generally.

The plaintiff recovered a verdict. The defendant moved for a new trial, upon a case; and the motion being denied, he appealed.

McAndrews *v.* Santee.

*C. F. Kingsley*, for the appellant.

*W. B. Ruggles*, for the respondent.

*By the Court*, Johnson, J.   The exception to the judge's charge was a mere general exception, and there is nothing to show as to which part or proposition in the charge it was intended to apply.   Such an exception is of no avail where there is more than one point in a charge, and any portion of it is unexceptionable.   But I think the charge was, in all respects, right.   If the contract was that the plaintiff was to abide and be governed by the railroad inspector of wood, in respect to the quantity, then clearly he was entitled to have the wood actually measured by such inspector, or to have something done which would be equivalent to a measurement.   He would not be bound by the mere guess or loose estimate of such inspector, as to quantity.

In respect to the other point in the case—that the court erroneously allowed evidence to be given to show that both the defendant and his son, who was his witness, stated the bargain for the purchase of the wood differently, on the trial before the justice, from what they had stated it in their testimony on the trial then pending in the county court—the exception to the ruling is not well taken.   The difference in the two statements was quite material upon the merits of the controversy; to wit, the quantity of wood which went into the purchase, to be paid for by the defendant.   As to the defendant himself, it was principal evidence against him, upon the issue.   It was in the nature of admissions or declarations by a party, which are always competent as principal evidence against the party making them.   It was also competent as impeaching evidence against him, or his witness.   It is a different statement of a material fact.   They denied having stated the bargain differently on the former trial, but alleged that

on that occasion they had stated the bargain as they did on the then present trial. Had they admitted that they stated it differently on the former trial, and that the omission there arose from a want of recollection of the fact, at the time, it would have presented a different question. In that case there would be no propriety in proving the former statement by the other testimony.

All that was decided in the case of *Commonwealth* v. *Hawkins*, (3 *Gray*, 463,) relied upon by the defendant's counsel, was that the mere omission, in a former statement, to state a particular fact now stated, was not the proper subject of comment by counsel to the jury, against the credibility of a witness, unless the attention of such witness had been called to the omission, in the course of his examination.

There was no error committed in the county court, and the order must be affirmed.

